GAS-WORKS CONST. CO. v. STANDARD GAS-LIGHT CO. *et al.*

(*Supreme Court, General Term, First Department.* May 18, 1888.)

PLEADING—BILL OF PARTICULARS—SUFFICIENCY.

> In an action to set aside certain transfers of property which had been made by defendants to one another, they were ordered to furnish a bill of particulars, specifying what the consideration for the transfers was, and the amount, if in money. Defendants answered; two of them, that the consideration paid or received by them was an agreement for the common stock of one of the defendants; the other, that he paid services rendered in and about certain business in which he and his vendor were interested, and an agreement to perform other services. *Held*, that the bills of particulars served did not constitute a compliance with the order, and that plaintiff's motion for additional bills should be granted.

Appeal from special term, New York county; BARRETT, Judge.

This is an appeal from a special term order granting plaintiff's motion for a further bill of particulars. The action was brought by the Gas-Works Construction Company of Philadelphia against the Standard Gas-Light Company of New York city, Wallace C. Andrews, Joseph A. Monheimer, and Benjamin F. Sherman. The complaint alleged that plaintiff was the owner of the territorial rights, for the city and county of New York, to the "Flannery Gas Patents," and charges (1) that the defendants Andrews, Sherman, and Monheimer are and were officers of said Standard Gas-Light Company,—Sherman being its president until superseded by its present president, Andrews. (2) That plaintiff was the original owner of the Flannery patents, and the first assignee of the inventor. (3) That in June, 1884, the defendants Sherman and Monheimer, acting as agents of plaintiff, negotiated with defendant Andrews for the purchase of the territorial right for the city of New York in and to the said Flannery patents, under an agreement with Sherman and Monheimer that they were to receive as commissions whatever Andrews should pay over $100,000, and that Andrews knew of the relations of Monheimer and Sherman as agents for plaintiff. (4) That on the 17th of June, 1884, plaintiff, at the request of Monheimer and Sherman, issued to Sherman an assignment, absolute in its terms, for the purpose of perfecting the negotiations between Monheimer and Sherman, representing plaintiff, and Andrews, on the other hand; that the assignment was without any consideration from Monheimer and Sherman to plaintiff, and for the purpose of carrying out the sale to Andrews. (5) That on July 25, 1885, at a meeting of plaintiff's directors, Sherman stated to plaintiff that all the negotiations for the sale of the territorial right to Andrews had failed; that he and Monheimer then and there wished to be relieved of their office as agents, and to return to plaintiff the rights assigned, but he was unable to return the original assignment because it had been loaned to Monheimer, who stated that he had lost it. (6) In the summer of 1886, plaintiff was about to conclude the sale of these territorial rights to a rival corporation of the Standard Gas-Light Company, when the corporation refused to complete the sale, on the ground that the Standard Gas-Light Company claimed to be the owner of one-half of the interest in the territorial right to these patents. A search in the patent-office revealed that the grant to Sherman of June 17, 1884, had been recorded in the patent-office in May, 1886, together with assignments from Sherman to Monheimer, Monheimer to Andrews, and Andrews to defendant corporation, all expressing the monied consideration of one dollar, for one-half of the personal right. (7) In November, 1886, plaintiff gave notice in writing to the defendant gas-light company of all the foregoing facts. (8) Defendant Sherman executed a retransfer of this patent to plaintiff; specifying that the assignment to him was only in trust, and for certain specified purposes, which transfer is dated November 23, 1886. (9) The complaint further alleges that defendants each and all had notice of all these facts, and demands the following relief: (*a*) That the Standard Gas-Light Company be restrained from

using, vending, assigning, or transferring these patents; (*b*) that defendants be required to account and pay damages for withholding the patent; (*c*) that the various intermediate assignments be declared invalid; (*d*) that defendants reassign the territorial rights. The Standard Gas-Light Company and Andrews answered, denying, on information and belief, that the assignments were accepted by Andrews and the gas-light company with full knowledge of the facts as to plaintiff's title, and further alleging that the patents were bought by each of defendants for full value. Plaintiff then applied for an order requiring defendants to file and serve a bill of particulars as to what this valuable consideration was which defendants paid, and in turn received for the patents, specifying by whom paid and received, when, where, and the amount, if in money. The order was granted, and the gas-light company answered that the consideration paid by it to Andrews was an agreement for common stock of said company to be issued by it to defendant Andrews. Andrews answered that the consideration between him and Monheimer was an agreement for common stock in defendant gas-light company, and corroborating the statement of the gas-light company. Monheimer answered that the consideration paid by him to Sherman was sundry services in relation to various matters in which Sherman and he were jointly interested, and also an agreement by which defendant was to use his best endeavors to sell the territorial rights for the city of New York under the Flannery patents, of which Sherman claimed to be owner; that the consideration from Andrews to him was the same as stated by Andrews. Plaintiff then moved for a further bill of particulars, which motion was granted, and defendants appealed.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*Gratz Nathan,* for appellant Monheimer. *J. W. Hawes,* for appellants Gas-Light Company, and Andrews. *Dill, Chandler & Seymour* and *De Lancy Nicoll,* for respondent.

PER CURIAM. The bills of particulars originally served by the appellants did not constitute a full and fair compliance with the first order of the special term. They were evasive, and evidently framed so as to give the plaintiff just as little information as possible, and at the same time apparently fulfill the requirements of the order. The Standard Gas-Light Company and the defendant Andrews specify an agreement "for common stock" of said company as a consideration for the assignment of the patents which are the subject-matter of the action; but neither the terms of the agreement nor the number of shares of stock are stated. The defendant Monheimer states that the consideration of the assignment to him by the defendant Sherman was the performance of sundry services in relation to various matters in which he and the said Sherman were jointly interested; but omits to specify what the services were, or what were the matters. The special term was clearly right in directing that each defendant should furnish a further bill of particulars, and the order appealed from must be affirmed, with costs and disbursements.